**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 19, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DJUAN PRESTON WILLIAMS,

　　Plaintiff - Appellant,

v.

NORM RUSSELL, Kiowa County
Courthouse Official; RICK MARSH,
Kiowa County Courthouse
Official; CRIS
SANDERS, Kiowa County Courthouse
Official; BILL LANCASTER, Kiowa
County Sheriff's Office Official; BRYNN
BARNETT, Kiowa County Sheriff's Office
Official; DEREK EARLS, Kiowa County
Sheriff's Office Official; MISTY NORRIS,
Kiowa County Sheriff's Office Official;
JIM HINES, Oklahoma Indigent Defense
System; JEFFREY WOLFIENBARGER,
Oklahoma Indigent Defense System;
TERRY TYLER, Oklahoma Indigent
Defense System; GRANT SHEPERD,
Goza, Chatman and Washington Attorney,
Lawton, Oklahoma Office; WILLIE
SHAW, Hobart Police Department, Former
Officer; CITY OF HOBART, Kiowa
County; OSBI; STATE OF OKLAHOMA,

　　Defendants - Appellees.
_____

No. 20-6059
(D.C. No. 5:18-CV-00139-SLP)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral

_____

Before **MATHESON**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Djuan Preston Williams, proceeding pro se, appeals the district court's judgment dismissing an action he brought under 42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Williams's action arises from his arrest and detention in the Kiowa County Jail. He named various state and local defendants, including the judge that presided over his ensuing criminal trial, and a private attorney. He asserted that defendants violated his civil rights in numerous ways. He sought damages and exoneration and expungement of his criminal conviction and associated fines and restitution.

All defendants filed motions to dismiss, which the district court granted. The court granted Judge Norm Russell's motion based on absolute judicial immunity. The court granted the other motions to dismiss for failure to timely effect service or for failure to state a claim for relief. Regarding the latter ground for dismissal, the court explained that claims against the State of Oklahoma and certain individual defendants named only in their official capacities were not cognizable under § 1983 because with respect to claims for damages, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The court also concluded that the claims against the

_____

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

State were barred in certain respects by *Heck v. Humphrey*, 512 U.S. 477 (1994). The court further determined that Williams failed to plead facts supporting plausible claims against some defendants, including that any claim for injunctive relief against assistant district attorney Rick Marsh or the Oklahoma State Bureau of Investigation was implausible because neither one had the power to exonerate or expunge his sentence. The court declined to exercise supplemental jurisdiction over any state-law claims Williams may have asserted.

Williams appeals, but in his appellate brief, he fails to advance any cogent argument that the district court erred in any of its rulings. While most of his brief discusses matters irrelevant to this appeal, he does make a number of conclusory statements regarding this case, including that "the State of Oklahoma violated the Constitution and everything it stands for," Aplt. Opening Br. at 1; the district court "made decision[s] based off not the weight of all the evidence, but by self opinion, and abuse of authoritative position," *id.* at 4; and the district court incorrectly decided facts in "all briefs and supporting facts of [the] case," *id.* at 5. He also reiterates his request for damages and injunctive relief. *See id.* at 3. But he fails to develop any argument, to meaningfully cite the record, or to offer any supporting legal authority.

Even affording Williams's brief and other pro se filings the liberal construction to which they are entitled, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), his efforts are wholly insufficient to garner appellate review. We have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks

3

omitted). To preserve an issue for appeal, a party must adequately brief it, beyond a generalized assertion of error, and include citations to the record and supporting authority. *Id.* at 841. "[C]onclusory allegations with no citations to the record or any legal authority for support" are insufficient. *Id.*

Williams's brief is inadequate in these respects, and we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record," *id.* at 840. Therefore, despite his pro se status, he has waived appellate review. *See id.* at 841. Nonetheless, we have discretion to consider his appeal. *See id.* And after independently reviewing the record, we affirm the district court's judgment for substantially the reasons set forth in the district court's orders of August 13, 2019 (ECF No. 21); April 14, 2020 (ECF No. 50); and April 21, 2020 (ECF No. 52).

Entered for the Court

Joel M. Carson III
Circuit Judge
